1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   THANG QUOC VO, | )   Case No.: 1:12-cv-00722-JLT |
| 12          Petitioner, | )<br>)   FINDINGS AND RECOMMENDATIONS TO |
| 13        v. | )   GRANT RESPONDENT'S MOTION TO DISMISS<br>)   PETITION FOR WRIT OF HABEAS CORPUS |
| 14   HECTOR RIOS, Warden, | )   (Doc. 12)<br>) |
| 15          Respondent. | )   FINDINGS AND RECOMMENDATIONS TO |
| 16 _____ | )   DENY PETITIONER'S MOTION FOR<br>ENLARGMENT OF HALFWAY HOUSE TIME |
| 17 | (Doc. 3) |
| 18 | ORDER GRANTING THE MOTION FOR AN<br>EXTENSION OF TIME TO RESPOND TO THE |
| 19 | MOTION TO DISMISS<br>(Doc. 13) |
| 20 | |
| 21 | ORDER REQUIRING THAT OBJECTIONS BE<br>FILED WITHIN TWENTY DAYS |
| 22 | |
| 23 | ORDER DIRECTING CLERK OF COURT TO<br>ASSIGN DISTRICT JUDGE TO CASE |

24        Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas

25   corpus pursuant to 28 U.S.C. § 2241.

26                          **PROCEDURAL HISTORY**

27        Petitioner filed the instant federal petition on May 3, 2012, challenging the Bureau of Prisons'

28   ("BOP") decision regarding when it would place Petitioner in a Residential Re-entry Center ("RRC").

1

(Doc. 1).

On May 9, the Court ordered Respondent to file a response to the petition.  (Doc. 6).  On July 2, 2012, Respondent filed the instant motion to dismiss the petition, contending that the Court lacks habeas authority to consider a discretionary decision of the BOP regarding RRC placement.  (Doc. 12).  On August 6, 2012, Petitioner filed his opposition to the motion to dismiss.[1]  (Doc. 15).

## FACTUAL HISTORY

The petition, the motion to dismiss, and attached documents, indicate that on February 20, 2004, Petitioner was convicted in the United States District Court for the Eastern District of Virginia, of the following crimes: (1) conspiracy to affect commerce by robbery (18 U.S.C. § 1951); and (2) possession of a firearm in furtherance of a crime of violence in aid of racketeering activity (18 U.S.C. § 924).  (Doc. 1, p. 2; Doc. 12, Ex. 1 to Ex. A). Petitioner was sentenced to a total term of 124 months in prison.  (Id.).  Petitioner is presently incarcerated at the U.S. Penitentiary ("USP"), Atwater, California, which lies within this Court's jurisdiction.

## DISCUSSION

A.  Statutory and Regulatory Background.

The BOP has the authority, under 18 U.S.C. § 3621(b), to designate the location of an inmate's imprisonment.  The BOP's policy prior to December 13, 2002, was to exercise its discretion in allowing prisoners to serve part of all of their imprisonment in an RRC.  See Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008).  The Department of Justice Office of Legal Counsel ended that practice by issuing a legal opinion that § 3621(b) did not authorize inmate placements in an RRC for an entire term because it did not constitute imprisonment.  See id.

The BOP changed its policy on December 20, 2002, by limiting an inmate's eligibility for placement in an RRC to six months or to the final ten percent of his sentence, whichever was shorter.  See Rodriguez, 541 F.3d at 1182.  The First and Eighth Circuits invalidated that policy because it failed to recognize the BOP's discretion to transfer an inmate to an RRC at any time, as provided in 3621.  See id. at 1182-1183.  In response, the BOP decided to "exercise its discretion categorically to

---

[1] The Court has read, reviewed and considered the opposition filed by Petitioner and, as such, his motion for an extension of time to file the document is **GRANTED.**

limit inmate's community confinement to the last ten percent of the prison sentence being served, not to exceed six months."  See id. at 1183 (quoting 69 Fed. Reg. 51213).  These rules were published at 28 C.F.R. §§ 570.20 and 570.21, and became effective on February 14, 2005.  See id.

On April 9, 2008, the President signed into law the "Second Chance Act," a bill which amends the text of 18 U.S.C. § 3624(c).  The updated text of § 3624(c)(1) authorizes the BOP to consider placing inmates in RRCs for up to the final twelve months of their sentences, rather than the final six months.  Section 3624(c)(4) also clarifies that nothing in § 3624 "shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under § 3621."  18 U.S.C. § 3624(c)(4).

On April 14, 2008, in response to the new legislation, the BOP issued a memorandum for Chief Executive Officers regarding "Pre-Release Residential Reentry Center Placements Following the Second Chance Act of 2007."  (Doc. 12, Ex. 2).  This memorandum serves as the BOP's new interim policy and it explicitly rescinds 28 C.F.R. §§ 570.20 and 570.21, the regulations which Petitioner claims improperly restricted the BOP's discretion to place him at an RRC for more than six months.

Under the new policy, inmates are to be "individually considered for pre-release RRC placement using the following five factor criteria from 18 U.S.C. 3621(b), which are as follows:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).  The memorandum further provides that the BOP must now review inmates for pre-release placement seventeen to nineteen months before their projected release date.  (Doc. 12, Ex. 2, p. 3).

On September 4, 2008, the Ninth Circuit decided Rodriguez, holding that 28 C.F.R. §§ 570.20 and 570.21 were invalid because they conflicted with the Congressional intent of § 3621(b) that inmates be considered for placement in or transfer to an RRC based on the five factors contained in § 3621(b).  See Rodriguez, 541 F.3d at 1187.  The BOP therefore could not reference 28 C.F.R.

3

§§570.20 and 570.21 in considering an inmate for RRC placement.  Thus, under <u>Rodriguez</u>, the BOP has discretion to transfer an inmate to an RRC at any time.  However, <u>Rodriguez</u> does not require the BOP, once it applies the factors of § 3621(b), to grant an inmate's request for immediate transfer to an RRC, nor does it require the BOP to afford an inmate any particular length of RRC placement.  <u>See</u> <u>Berry v. Sanders</u>, 2009 WL 789890, at *6-*7 (C.D. Cal. March 20, 2009); <u>Guss v. Sanders</u>, 2009 WL 5196153, *4 (C.D. Cal. Dec. 29, 2009).

Then, on November 14, 2008, the BOP, in a memorandum from the Assistant Director and General Counsel of the BOP entitled "Inmate Requests for Transfer to Residential Reentry Centers," issued guidance to staff for considering and responding to inmate requests for routine transfer to RRC's.  (Doc. 12, Ex. 3).  When considering a transfer, "prior to the pre-release time frame of 12-months from release, staff must individually consider the request, just as they would any other request for lower security transfer."  (<u>Id.</u>, p. 2).  In rendering its decision, staff must utilize the five factors outlined in § 3621(b), and staff "cannot, therefore, automatically deny an inmate's request for transfer to an RRC.  Rather, inmate requests for RRC placement must receive individualized consideration." (<u>Id.</u>)  The BOP may initiate such transfer at any time, and if an inmate requests a transfer prior to the pre-release transfer time-frame, the review will occur "in conjunction with the [inmate's] next scheduled Program Review."  (<u>Id.</u>).   However, as with the April 14 Memorandum, the November 14 Memorandum advises BOP staff that "a RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement, and the Regional Director concurs."

Section 17541 of 42 U.S.C., also created by the SCA, provides, inter alia, that the Attorney General and the Director of BOP "shall, subject to the availability of appropriations, conduct the following activities to establish a Federal prisoner reentry initiative:

(1) The establishment of a Federal prisoner reentry strategy to help prepare prisoners for release and successful reintegration into the community, including, at a minimum, that the Bureau of Prisons–

(A) assess each prisoner's skill level (including academic, vocational, health, cognitive, interpersonal, daily living, and related reentry skills) at the beginning of the term of imprisonment of that prisoner to identify any areas in need of improvement prior to reentry;

(B) generate a skills development plan for each prisoner to monitor skills enhancement and reentry readiness throughout incarceration;

( C) determine program assignments for prisoners based on the areas of need identified through the assessment described in subparagraph (A);

(D) ensure that priority is given to the reentry needs of high-risk populations, such as sex offenders, career criminals, and prisoners with mental health problems;

(E) coordinate and collaborate with other Federal agencies and with State, Tribal, and local criminal justice agencies, community-based organizations, and faith-based organizations to help effectuate a seamless reintegration of prisoners into communities;

(F) collect information about a prisoner's family relationships, parental responsibilities, and contacts with children to help prisoners maintain important familial relationships and support systems during incarceration and after release from custody; and

(G) provide incentives for prisoner participation in skills development programs.

(2) Incentives for a prisoner who participates in reentry and skills development programs which may, at the discretion of the Director, include–

(A) the maximum allowable period in a community confinement facility;

(B) such other incentives as the Director considers appropriate (not including a reduction of the term of imprisonment).

42 U.S.C. § 17541(1), (2).

    B.   Ninth Circuit Cases Interpreting The Statutory And Regulatory Framework.

After the passage of the SCA, various legal challenges were raised against the SCA and, more specifically, against the BOP's implementation of the SCA through its two memoranda. The most prevalent challenge has been to the BOP's statement, in both memoranda, that most inmates' rehabilitation needs can be met with RRC placements that do not exceed six months and that any placement exceeding that limit requires the approval of the Regional Director of the BOP. These legal challenges were resolved in Sacora v. Thomas, 628 F.3d 1059 (9th Cir. 2010), in which the Ninth Circuit upheld that BOP's policies as legal and constitutional implementations of the changes required by the SCA. Specifically, the Ninth Circuit held that the BOP's policies, as expressed in its two memoranda and subsequent program statements, reasonably implemented the changes in the SCA, that the BOP's policies were not arbitrary and capricious, and that the policies were not substantive rules subject to the Administrative Procedure Act's notice-and-comment requirements. Id. at 1066-1070.

Subsequent to Sacora, the Ninth Circuit, on March 3, 2011, decided Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011). In Reeb, the Ninth Circuit addressed a petitioner's contention that BOP had wrongfully expelled him from a prison drug treatment program, the Residential Drug Abuse Program

("RDAP"), authorized by 18 U.S.C. § 3621(e).  The appeals court prefaced its ruling by explaining the role of the Administrative Procedure Act ("APA") vis-a-vis claims by federal inmates:

> The APA provides a cause of action for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702, but withdraws that cause of action to the extent that the relevant statute "preclude[s] judicial review" or the "agency action is committed to the agency discretion by law," id. § 701(a)....[Under the APA] [a]gency actions can be held unlawful when they are "arbitrary, capricious, an abuse of discretion , or otherwise not in accordance with law." 5 U.S.C. § 702(2)(A).

Reeb, 636 F.3d at 1226.

The Ninth Circuit then focused on 18 U.S.C. § 3625, entitled "Inapplicability of the Administrative Procedure Act," that provides that "[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621-3625]."  Reeb, 636 F.3d at 1226.  In concluding that it lacked jurisdiction to consider the petitioner's claim, the Ninth Circuit reasoned as follows:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625.  The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621-3625.  The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621.  To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.  Accordingly, any substantive decision by the BOP to admit a particular prisoner to RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.  The BOP's substantive decisions to remove particular inmates form the RDAP program are likewise not subject to judicial review.

Reeb, 636 F.3d at 1227.  The Court went on to explain as follows:

> Accordingly, we hold that federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621, such a Reeb's claim herein.  Although judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority, Reeb's habeas petition alleges only that the BOP erred in his particular case.  Because the district court lacked jurisdiction to adjudicate the merits of Reeb's habeas petition, we vacate its judgment and remand with instructions to dismiss for lack of jurisdiction.

Id. at 1228-1229.

C.  The Court Lacks Jurisdiction To Address The Merits Of BOP's § 3621(b) Determination.

The gravamen of Petitioner's claim[2] is that the BOP should immediately transfer him to a

---

[2] The petition itself does not articulate a specific claim for relief, but instead refers the reader to Petitioner's "motion for enlargement of Halfway house Program," filed concurrently with the petition.  (Doc. 3).  The Court substantively construes

1   RRC.  (Doc. 3, p. 1).  Respondent's documents indicate that Petitioner presently has a projected

2   release date of February 18, 2013.  (Doc. 12, Ex. 1 to Ex. A).  Petitioner alleges that his presently

3   scheduled date for transfer to an RRC facility is September 18, 2012, which means that he would

4   spend approximately five months, i.e., until his projected release date on February 18, 2013, in RRC

5   custody.  (Doc. 3, p. 6).  Petitioner contends that the BOP has the discretion to transfer him to a RRC

6   facility prior to his scheduled date of September 18, 2012, and should exercise that discretion

7   immediately.  (Doc. 3, p. 4).  However, apart from citing the various regulations controlling such

8   decisions by the BOP, and attaching records of the various prison programs Petitioner has completed,

9   Petitioner does not identify why he contends the BOP's decision was an abuse of discretion nor does

10  he identify additional reasons why an earlier RRC transfer would be appropriate.

11          The Court, in its May 9, 2012 order requiring Respondent to file a response, made a

12  preliminary finding of jurisdiction based on the state of the law at the time the order was issued as well

13  as the facts known to the Court at that point.  (Doc. 6).  The Court explained that a writ of habeas

14  corpus relief extends to a person in custody under the authority of the United States.  <u>See</u> 28 U.S.C. §

15  2241.  Though a federal prisoner who wishes to challenge the validity or constitutionality of his

16  conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner

17  challenging the manner, location, or conditions of that sentence's execution must bring a petition for

18  writ of habeas corpus under 28 U.S.C. § 2241.  <u>See</u>, <u>e.g.</u>, <u>Rodriguez</u>, 541 F.3d 1180 (affirming grant of

19  habeas relief where petitioner brought a § 2241 petition to compel the BOP to immediately consider

20  transferring him to an RRC); <u>Montano-Figueroa v. Crabtree</u>, 162 F.3d 548, 549 (9th Cir.

21  1998)(allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

22          The Court also noted that, unlike § 2255, § 2241 does not contain language limiting

23  jurisdiction under § 2241 to petitioners who are "claiming the right to be released."  28 U.S.C. § 2255;

24  <u>compare</u> <u>United States v. Thiele</u>, 314 F.3d 399, 401 (9th Cir. 2002)(challenge to restitution order not

25  cognizable under § 2255 because petitioner was not claiming right to be released) <u>with</u> <u>Montano-</u>

26  <u>Figueroa</u>, 162 F.3d at 549 (challenge to timing and amount fine payments cognizable under § 2241's

27

28  _____

the latter motion to be a supplement to the petition itself.  However, because the document is docketed as a "motion," for
administrative purposes, the Court will deny the "motion."

7

execution clause).  Accordingly, § 2241 may be used to challenge the execution of a prisoner's

sentence, even where the prisoner does not seek release or to shorten the duration of his confinement.

See, e.g., Rodriguez, 541 F.3d at 1182; Montez v. McKinna, 208 F.3d 862, 865 (10th Cir.

2000)(entertaining petitioner's challenge to his transfer to a private prison as a challenge to the

execution of his sentence pursuant to § 2241); see also Montano-Figueroa, 162 F.3d at 549 (reaching

the merits of petitioner's § 2241 challenge to the amount and timing of fine payments); United States

v. Lemoine, 546 F.3d 1042, 1046 (9th cir. 2008)(entertaining § 2241 challenge to restitution schedule);

United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984)("Review of the execution of a sentence

may be had through petition for writ of habeas corpus under 28 U.S.C. § 2241.").

However, to as discussed, Reeb construed 18 U.S.C. § 3625, which provides that, inter alia,

any claims raised under 18 U.S.C. § 3621 are not entitled to judicial review, to preclude judicial

review of an inmate's challenge to BOP's discretionary decision to expel him from a prison drug

program under § 3621(e).  Significantly, § 3621 also covers BOP's discretionary decisions on RRC

placement.  18 U.S.C. § 3621(b).  Many district courts have now weighed in on the applicability of

Reeb to habeas review of RRC placement decisions by BOP.  This Court was unable to find any

district court that had failed to apply Reeb in this context to preclude judicial review of RRC

placement decisions.  See, e.g., Binford v. Thomas, 2011 WL 1791198 (D.Or. May 10, 2011)(§3625

precludes judicial review of RRC placement under § 3621(b), citing Reeb); Rourke v. Rios, 2012 WL

1038117 (E.D. Cal. March 27, 2012)(same); Geiger v. Adler, 2011 WL 5417093 (E.D. Cal. December

23, 2011)(same);  Espinosa v. Rios, 2011 WL 4084365 (E.D. Cal. Sept. 13, 2011)(same); Han v.

Benov, 2011 WL 4084185 (E.D. Cal. Sept. 13, 2011)(same); Ingram v. Thomas, 2011 WL 1791234

(D.Or. May 10, 2011); Spears v. Rios, 2011 WL 4055247 (E.D. Cal. Sept. 12, 2011)(same); Gary v.

Rios, 2011 WL 4055292 (E.D. Cal. Sept. 12, 2011)(same); Brown v. Sanders, 2011 WL 4899919

(C.D. Cal. Sept. 1, 2011)(same); Cheung v. Tews, 2011 WL 4529672 (N.D. Cal. Sept. 29,

2011)(same); Pua v. Tews, 2011 WL 4529735 (N.D. Cal. Sept. 29, 2011)(same); Tekle v.

Washington-Adduci, 2011 WL 4802433 (C.D. Cal. Aug. 24, 2011)(same).

The rationale for extending Reeb to the context of RRC placements is simple.  Like the RDAP

program the BOP administers under § 3621(e), the BOP in this case has the sole authority to make

8

1    RRC placement determinations under § 3621(b).  And, like the RDAP determination in <u>Reeb</u>, the

2    BOP's decision to deny a petitioner's request for RRC placement is a substantive, discretionary

3    determination by the BOP pursuant to the authority set forth in § 3621(b).  The language of § 3625

4    contains no ambiguity; rather, it clearly forecloses judicial review for "any determination, decision, or

5    order made pursuant to 18 U.S.C. 3621-3624."  <u>Reeb</u>, 636 F.3d at 1227.  Accordingly, the BOP's

6    substantive, discretionary RRC decision regarding the date of Petitioner's transfer to a RRC facility is

7    not reviewable in the district court pursuant to § 706(2)(A) of the APA.  <u>Reeb</u>, 636 F.3d at 1227; <u>see,</u>

8    <u>e.g.</u>, <u>Binford</u>, 2011 WL 1791198; <u>Espinosa</u>, 2011 WL 408436. <u>Han</u>, 2011 WL 4084185; <u>Ingram</u>, 2011

9    WL 1791234; <u>Spears</u>, 2011 WL 4055247; <u>Gary</u>, 2011 WL 405529; <u>Brown</u>, 2011 WL 489991 <u>Cheung</u>,

10   2011 WL 4529672.

11          The Court cannot find that the petition can be fairly read to challenge anything other than the

12   particularized and individualized determination regarding RRC placement of this particular petitioner,

13   judicial review of which is foreclosed by <u>Reeb</u>.  However, to the extent that the petition could be

14   construed to contend that the BOP's policies and program statements are inconsistent with the SCA,

15   such claims have already been rejected by the Ninth Circuit.  <u>Sacora</u>, 628 F.3d at 1066-1070.

16   Accordingly, the petition should be dismissed.[3]

17                                                    **<u>ORDER</u>**

18          The Court HEREBY DIRECTS the Clerk of the Court to assign a United States District Judge

19   to this case.

20                                          **<u>RECOMMENDATION</u>**

21          For the foregoing reasons, the Court HEREBY RECOMMENDS as follows:

22          1.   That Respondent's motion to dismiss (Doc. 12), be GRANTED;

23          2.   That the petition for writ of habeas corpus (Doc. 1), be DISMISSED for lack of

24               jurisdiction; and,

25          3.   That Petitioner's motion for enlargement of halfway house time (Doc. 3), be DENIED.

26

27   _____
     [3]Because the Court concludes that no jurisdiction to review the BOP's RRC decision exists, the Court need not address
28   Respondent's remaining contention that the petition should be dismissed because Petitioner has not exhausted his
     administrative remedies.

                                                         9

1    This Findings and Recommendations is submitted to the United States District Court Judge

2  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

3  Rules of Practice for the United States District Court, Eastern District of California.  Within 20 days

4  after being served with a copy of this Findings and Recommendations, any party may file written

5  objections with the Court and serve a copy on all parties.  Such a document should be captioned

6  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall

7  be served and filed within 10 days after service of the Objections.  The Court will then review the

8  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to

9  file objections within the specified time may waive the right to appeal the Order of the District Court.

10  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12  IT IS SO ORDERED.

13    Dated:   __August 10, 2012__              _____/s/ Jennifer L. Thurston_____

14                                             UNITED STATES MAGISTRATE JUDGE